IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

Y.Z. WHALEY                                                                    PLAINTIFF

VS.                              Case No. 04-CV-1091

KENNETH FERRELL, INDIVIDUALLY and
KENNETH FERRELL D/B/A
JOHNSVILLE SAND & GRAVEL                                       DEFENDANTS

**ORDER**

Y.Z. Whaley ("Plaintiff") alleges discrimination based on his race in violation of Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C.§ 1981 by Kenneth Ferrell, Individually, and Kenneth Ferrell d/b/a Johnsville Sand & Gravel ("Defendants"). Before the Court is Plaintiff's First Motion to Compel. (Doc. 19). Defendants have responded. (Doc. 21)(Doc. 22). The Court finds this Motion ripe for consideration.

On June 22, 2005, Plaintiff served his Second Request for Production on Defendants, and Defendants objected to and refused to answer the requests numbered 1, 3, 5, 7, 9, 11 and 12. These requests seek: (1) the weekly time sheets of the employees of the Johnsville Sand and Gravel Company; (2) the payment history of Jason Binns, including the hourly rate and hours worked for the years 2001, 2002 and 2003; (3) the payment history of Komonte Hampton from 2001 to present; (4) the payment history of Emanuel Hampton from 2001 to present; (5) the payment history of Tremaine Watson from the date of his hiring to present; and (6) each check issued from Defendants to Johnsville Grocery from 2000 to present. Plaintiff seeks an order of this Court directing Defendants to respond to the requests and sanctioning Defendant for refusing to provide the requested information. Plaintiff states that Plaintiff's counsel wrote Defendants' counsel about the objection in an effort to resolve this discovery dispute extrajudicially but was unsuccessful.

Defendants respond that it has produced a copy of its payroll records which identifies

every employee and their hourly rate of pay but that it would be unreasonably burdensome to now require Defendants to produce every weekly time record and a copy of every check that covers a five year time span from 2001 through 2005. Defendants also argue that Plaintiff seeks this information to determine if there may be a separate cause of action against Defendants for failure to comply with the federal usage and hour laws.

The scope of federal discovery is broad, and allows the parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, and the relevant information need not be admissible, only reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) limits discovery that is burdensome or expensive, if the burden or expense of the discovery outweighs its likely benefit.

In his Complaint, Whaley alleges that he began his employment with Defendant in August 2001 as a laborer, he was the victim of discrimination in the terms and conditions of his employment due to his race, Kenneth Farrell maintained job segregation due to race and maintained jobs that are racially identifiable, and on September 27, 2003, Whaley was discharged due to his race and due to his resistance to racial discrimination. The discovery sought by these requests is relevant to Plaintiff's claim of discrimination or could be reasonably calculated to lead to admissible evidence, and the burden in producing this discovery is outweighed by its likely benefit.

Upon consideration, the Court finds the Motion to Compel should be and hereby is **granted**, to wit, Defendants shall have up to and including **Wednesday, November 30, 2005**, to produce the documents sought by the Plaintiff's Second Request for Production on Defendants requests numbered 1, 3, 5, 7, 9, 11 and 12. The Court declines Plaintiff's request to award sanctions at this time.

**IT IS SO ORDERED** this 9th day of November, 2005.

                                      /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        U.S. District Judge